| In re | James Everett Schmenk  Sharon Kay Schmenk | Case No. | 17-32838 |
|---|---|---|---|
| | Debtor(s) | | |

# AMENDED CHAPTER 13 PLAN

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

(1) The future earnings or other future income of the Debtors is submitted to supervision and control of the Trustee.

(2) **THE DEBTORS SHALL PAY TO THE TRUSTEE** the sum of $1,500.00 per month for a period of 60 months.

(3) Trustee shall make disbursements as follows:

    a) Full payment in deferred cash payments of all priority claims under Section 507.

    b) Secured Creditors

        **1) Shellpoint Mortgage Servicing** is secured by a mortgage on the Debtor's Residential Real Estate located at: 2604 Lost Creek Blvd, Lima, OH 45804, and shall be paid its full claim by the Trustee. The majority of the claim is the past due arrearages as the note matures on September 1, 2018 so to avoid confusion the full claim will be paid by the Trustee with no conduit payments required..

        **2) Ohio Department of Taxation** is secured with a Judgment Lien on the Debtor's Residential Real Estate located at: 2604 Lost Creek Blvd, Lima, OH 45804, and shall be paid its allowable arrearage claim by the Trustee. Debtors believe the claim was paid but the lien was not released.

        **3) Capital One Auto Finance** is secured by a lien on vehicle title of a 2016 Ford Escape and will be paid its allowable secured claim directly by the Debtors.

    c) After payment of all priority and secured claims, the Trustee shall pay 100% of all unsecured claims duly proved and allowed. Said percentage to be reviewed after the claims bar date and the percentage may increase based upon the claims allowed and funds received from tax refunds but in no event shall the percentage to unsecured creditors exceed 100%.

(4) The Court, from time to time during the period of this Plan, may increase or decrease the amount of the payments provided in this Plan or extend or reduce the period of time for any such payments.

(5) All Creditors with claims disallowed or who fail to file claims will be barred from proceeding with any action against the debtor or their property and upon completion of the Plan to the extent said creditor is secured said creditor shall immediately release its security interest.

All secured liens will remain on the collateral until completion of the Plan at which time the liens will be released except any mortgage liens not stripped by the provisions above.

(6) Debtor's Attorney having previously consented, all creditors having mortgages on debtors' real estate shall recommence normal correspondence regarding the mortgage with the debtors as was their normal business practice prior to the commencement of this case, including the issuance of coupon books and/or monthly statements, yearly escrow analyses, 1099's, and any and all other correspondence that would issue in the ordinary course of business. During this Chapter 13 case, the debtor(s) may attempt to enter into loss mitigation negotiations with their mortgage lender(s). This may result in an agreed modification of the debtor(s) mortgage(s).

Dated: March 8, 2018          Signature /S/ James Everett Schmenk
                                        Debtor

Dated: March 8, 2018          Signature /S/ Sharon Kay Schmenk
                                        Debtor